UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| VOTEVETS ACTION FUND; DEMOCRATIC NATIONAL COMMITTEE; and DSCC a/k/a DEMOCRATIC SENATORIAL CAMPAIGN COMMITTEE,<br><br>    Plaintiffs,<br><br>    v.<br><br>KENNETH W. DETZNER, in his official capacity as the Florida Secretary of State,<br><br>    Defendant. | Case No. 4:18-cv-00524-WS-CAS |

## PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

NOW COME Plaintiffs VoteVets Action Fund, Democratic National Committee, and DSCC (collectively, "Plaintiffs") by and through their attorneys, and move the Court pursuant to Rule 65(a) and 65(b) of Federal Rules of Civil Procedure for a preliminary injunction and temporary restraining order against Kenneth W. Detzner in his official capacity as Florida Secretary of State. In support thereof, Plaintiffs state as follows:

1. On November 11, 2018, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief, alleging that Plaintiffs are entitled to relief from this Court for violations of their rights as well as the rights of their supporters and members—which include thousands of eligible Florida voters—under the

First and Fourteenth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988.

2. Plaintiffs seek an emergency temporary restraining order and preliminary injunction enjoining the enforcement of Fla. Stat. §§ 101.6103(5)(c), 101.67(2), and any other source of state law that requires Defendant, his officers, employees, and agents, and all persons acting in active concert or participation with Defendant, or under Defendants' supervision, direction, or control, including all supervisors of elections and canvassing boards, to reject vote by mail ballots from eligible Florida voters that were postmarked prior to Election Day and received within 10 days after Election Day. Plaintiffs further request that the Secretary be required to issue a directive to Florida's Supervisors of Elections advising them that, in light of the Court's Order, all vote by mail ballots postmarked before Election Day and received by the Supervisor of Elections within 10 days of Election Day must be counted.

3. Federal Rule of Civil Procedure 65 provides for the issuance of a preliminary injunction and temporary restraining order under circumstances such as those that exist in the present case.

4. In support of this motion, Plaintiffs submit a Memorandum of Law, addressing all necessary elements for the entry of a preliminary injunction and temporary restraining order.

5. Plaintiffs seek leave to present 30 minutes of oral argument in support of this Motion pursuant to Local Civil Rule 7.1(K).

6. Plaintiffs file this motion as an emergency motion pursuant to Local Rule 7.1(L) since it is essential that this Court expeditiously rule on this motion to ensure no voters are unfairly and arbitrarily disenfranchised.

WHEREFORE, for the foregoing reasons, and for those set forth in Plaintiffs' supporting memorandum of law, Plaintiffs respectfully move that the Court enter an emergency temporary restraining order and preliminary injunction enjoining the enforcement of Fla. Stat. §§ 101.6103(5)(c), 101.67(2), and any other source of state law that requires Defendant, his officers, employees, and agents, and all persons acting in active concert or participation with Defendant, or under Defendants' supervision, direction, or control, including all supervisors of elections and canvassing boards, to reject vote by mail ballots from eligible Florida voters that were postmarked prior to Election Day and received within 10 days after Election Day. Plaintiffs further request that the Secretary be required to issue a directive to Florida's Supervisors of Elections advising them that, in light of the Court's Order, all vote by mail ballots postmarked before Election Day and received by the Supervisor of Elections within 10 days of Election Day must be counted.

Dated: November 12, 2018

Respectfully submitted,

/s/ *Marc Elias*
Marc E. Elias
Email: MElias@perkinscoie.com
Uzoma N. Nkwonta*
Email: UNkwonta@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211

RONALD G. MEYER
Florida Bar No. 0148248
Email: rmeyer@meyerbrookslaw.com
JENNIFER S. BLOHM
Florida Bar No. 0106290
Email: jblohm@meyerbrookslaw.com
Meyer, Brooks, Demma and Blohm, P.A.
131 North Gadsden Street
Post Office Box 1547
Tallahassee, FL 32302-1547
(850) 878-5212

*Counsel for Plaintiffs*

**Pro Hac Vice* Motion forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2018, I caused to be electronically filed the foregoing Motion on behalf of the Plaintiffs with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

Respectfully submitted,

/s/ *Marc E. Elias*
Marc E. Elias