UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VOTEVETS ACTION FUND,
DEMOCRACTIC NATIONAL
COMMITTEE, and DEMOCRACTIC
SENATORIAL CAMPAIGN
COMMITTEE,

    Plaintiffs,

v.

KEN DETZNER, in his official
capacity as Florida Secretary of State,

    Defendant.
_____/

No. 4:18-cv-00524-WS-CAS

### THE NATIONAL REPUBLICAN SENATORIAL COMMITTEE'S EMERGENCY MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24 and Local Rule 7.1(L), the National Republican Senatorial Committee ("NRSC") respectfully moves to intervene in this case to oppose Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4).

### Background

This case concerns the recent election contest for the United States Senate between incumbent Senator Bill Nelson, a Democrat, and Florida Governor Rick Scott, a Republican. Returns indicate that Governor Scott received a majority of

the votes. This litigation asks the Court to discard the state-law requirement that vote-by-mail ballots are counted only if received by the supervisor of elections by 7 p.m. on Election Day. Plaintiffs ask the Court to strike from Florida law a clear rule enacted by the Legislature to assure the integrity of the process—in hopes that it will help one candidate overcome an electoral deficit. This Court should reject the invitation to rewrite long-standing Florida law to advance this purpose.

The NRSC is the national organization that supports and assists Republican candidates for the U.S. Senate. It has provided and continues to provide support and assistance to Governor Scott in his campaign for the U.S. Senate. It seeks to intervene here and to participate at the hearing in this matter to oppose Plaintiffs' efforts to write the rules after the fact. Elections should be decided according to established laws enacted by the lawmaking branch of government—not by post-hoc manipulations of the laws in the interest of one candidate.

## Grounds for Intervention

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention as a matter of right and permissive intervention. *See, e.g.*, *Loyd v. Ala. Dep't of Corr.*, 176 F.3d 1336, 1339 (11th Cir. 1999). The NRSC is entitled to intervention as a matter of right. Alternatively, this Court should allow permissive intervention.

To intervene as a matter of right, the moving party must demonstrate that: (1) its motion to intervene is timely; (2) it has an interest relating to the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) its interest is represented inadequately by the existing parties to the suit. *Id.* at 1339–40 (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)). If a moving party satisfies these four requirements, the district court must allow intervention. *Chiles*, 865 F.2d at 1213. The NRSC satisfies each requirement.

*First*, this motion is timely. Plaintiffs filed this litigation today, and intervention will not delay or prejudice the adjudication of the original parties' rights in any way.

*Second*, the NRSC has an interest relating to the relief Plaintiffs seek in their motion. As the national organization that assists and supports Governor Scott's campaign for the U.S. Senate, the NRSC has a direct interest in the outcome of litigation initiated on behalf of the opposing candidate in a campaign for the U.S. Senate.

*Third*, the relief Plaintiffs seek would impair and impede the NRSC's ability to protect these interests. Through its motion, plaintiff seeks to suspend the timing-of-receipt requirement that safeguards the integrity of vote-by-mail ballots. The NRSC's interest is to assure that Florida's election laws are followed and not

rewritten to the prejudice of Governor Scott's candidacy. The relief that Plaintiffs seek would deny Governor Scott the right to an election decided according to the laws of Florida—laws duly enacted long ago and faithfully applied over many years to uphold the integrity of the electoral process.

*Fourth*, no other party adequately represents the NRSC's interests in this action. To be sure, the Secretary of State has an abiding interest in the faithful execution of state election laws. The NRSC, however, has an interest in the outcome of the election that the Secretary of State does not, as the NRSC seeks to support and assist one of the two major-party candidates for the U.S. Senate. The NRSC should therefore be permitted to intervene in litigation that was brought on behalf of Senator Nelson, the opposing candidate for the U.S. Senate.

For these reasons, the NRSC satisfies the criteria for intervention as a matter of right. Alternatively, if this Court denies intervention as a matter of right, it should grant permissive intervention under Rule 24(b)(2). *See Chiles*, 865 F.2d at 1213. This timely motion demonstrates that the NRSC's defenses share common factual and legal questions with the main action and do not interject unrelated questions.

**WHEREFORE**, the NRSC respectfully requests entry of an order granting it leave to intervene, and permitting it to participate, through counsel and by telephone, in any hearing on Plaintiffs' motion.

## CERTIFICATE OF CONFERRAL

Undersigned counsel has conferred with counsel for Plaintiffs, and may state that Plaintiffs take no position on the relief sought in this motion.

## LOCAL RULE 7.1(F) CERTIFICATION

The undersigned certifies that this motion contains 777 words.

Respectfully submitted,

/s/ *Andy Bardos*

| | |
|---|---|
| John D. Adams* | Andy Bardos (FBN 822671) |
| Matthew A. Fitzgerald* | George T. Levesque (FBN 555541) |
| MCGUIREWOODS LLP | GRAYROBINSON, P.A. |
| 800 East Canal Street | Post Office Box 11189 |
| Richmond, Virginia 23219 | Tallahassee, Florida 32302-3189 |
| Telephone: 804-775-4744 | Telephone: 850-577-9090 |
| jadams@mcguirewoods.com | andy.bardos@gray-robinson.com |
| mfitzgerald@mcguirewoods.com | george.levesque@gray-robinson.com |
| * *pro hac vice applications forthcoming* | |

*Attorneys for the National Republican Senatorial Committee*